LEONARD PROCTOR, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Proctor v. Commissioner
Docket No. 1535-90
United States Tax Court
T.C. Memo 1991-202; 1991 Tax Ct. Memo LEXIS 226; 61 T.C.M. (CCH) 2559; T.C.M. (RIA) 91202; May 13, 1991, Filed *226 Decision will be entered pursuant to Rule 155. Leonard Proctor, Jr., pro se. Steven Bernosky, for the respondent. BUCKLEY, Special Trial Judge. BUCKLEY
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b)(3) [1] and Rule 180 et seq. Respondent determined a deficiency in petitioner's 1986 Federal income tax in the amount of $ 6,178, together with an addition to tax under section 6653(a)(1)(A) in the amount of $ 309, and under section 6653(a)(1)(B) in the amount of 50 percent of the interest due on $ 6,178. Some of the facts were stipulated and they are so found. Petitioner resided in Port Arthur, Texas, when he timely filed his petition herein. After concessions, [2] the sole issue for decision is the basis for depreciation of certain real property which petitioner converted from personal use to rental *227 use during 1986. Sometime in 1973 petitioner purchased a house at 7535 Ryan Ridge, Dallas, Texas, for $ 20,500. This house was his personal residence until about April of 1986, at which time he listed it for rental. *228 The property was rented as of June 1, 1986. During 1986, Dallas County, where the house was located, assessed property taxes based upon a value of $ 5,000 for the land and $ 36,080 for the improvements, for a total of $ 41,080. Petitioner's Dallas house burnt to the ground in 1985, and he received insurance proceeds of $ 48,203.52, all of which was used to rebuild the house except for approximately $ 6,000 for other improvements such as fencing. Petitioner did not claim a casualty loss for the fire on his 1985 return, nor did he report any gain from the receipt of the insurance proceeds on that return. Petitioner claimed a depreciation deduction of $ 5,508 on his 1986 return on the Dallas property. He computed the depreciation based upon a cost basis of $ 45,900. Respondent disallowed the full amount claimed for lack of substantiation. Respondent's position at the trial herein was that the basis for depreciation is the lower of adjusted cost or fair market value at the time of conversion of the dwelling to rental property. Petitioner bears the burden of proving that respondent's determination was incorrect. Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule *229 142(a). Petitioner has borne that burden to the extent of proving that he paid $ 20,500 for the land and improvements in 1973. He has provided no evidence regarding the breakdown between the land and the building other than the ratio contained in the property tax assessment. When property which has not been used in a trade or business or held for the production of income is subsequently converted to such use, "the fair market value on the date of such conversion, if less than the adjusted basis of the property at that time, is the basis for computing depreciation." Sec. 1.167(g)-1, Income Tax Regs. In view of the substantial expenditures required to rebuild the property in 1985 after the fire, it is apparent that the fair market value of the property was greater than petitioner's adjusted cost basis for the property. Accordingly, the appropriate basis for depreciation is the original purchase price of $ 20,500 less the value of the land. The record is silent regarding the value of the land other than that indicated by the property tax assessment. The 1986 assessment indicated that 12.17 percent of the total value of $ 41,080 was allocable to land. Utilitizing this formula, *230 we hold that 12.17 percent of $ 20,500, or $ 2,495 is allocable to land and the balance of $ 18,005 is subject to the allowance for depreciation as rental property. To give effect to concessions and to this opinion, Decision will be entered pursuant to Rule 155. Footnotes
1. Section references are to the Internal Revenue Code as amended and in effect for the year at issue; Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner concedes that in regard to his Schedule C he is not entitled to a deduction for bad debts, to a depreciation deduction, or to a deduction for insurance expense. The parties agree that petitioner is entitled in regard to his Schedule C to a deduction in the amount of $ 50 for telephone answering service expenses and to a deduction for rental expenses of $ 2,721; they also agree that his Schedule C gross receipts for 1986 is $ 300. The parties agree in regard to Schedule E that petitioner is entitled to a deduction for repair expenses in the amount of $ 2,297 and to an interest expense deduction in the amount of $ 1,696. The parties further agree that petitioner's gross income should be increased in the amount of $ 640 for an unspecified item and in the amount of $ 58 for interest income.↩